## THE STATE v. L. B. SHIELDS, Appellant.

### Division Two, December 22, 1922.

1. **INFORMATION: Arson: Principal and Accessory: Motion to Elect.** An information, which in one count charged the defendant with burning his store by hiring another to do the deed and that such other did the deed, and in another charged that defendant and such other committed the offense, the first charging him according to the facts and the other charging him with his co-conspirator as principal, fully apprised defendant of the facts he would be called upon to meet at the trial, and a motion to require the State to elect upon which count it would go to trial was properly overruled. The statute (Sec. 3687, R. S. 1919) abolishes the difference between an accessory before the fact and a principal, and makes both principals, and an information may either allege the matter according to the facts, or charge both as principals in the first degree.

2. ———: ———: **In Language of Statute: Felonious Intent.** An information charging a statutory offense is sufficient if the language of the statute is followed and the statute sets forth all the constituent elements of the offense. It is not necessary to allege that the act was done feloniously if the acts charged necessarily con-

stitute a felony. An information charging arson, in which the constituent statutory acts constituting the offense are set forth, is not bad because it does not in words charge that the act was done with felonious intent.

3. ———: Preliminary Hearing: Plea in Abatement. It is not necessary that the information, charging a felony, should show on its face that defendant was given a preliminary hearing; and in the absence of such showing a plea in abatement based on the ground that defendant was not given a preliminary hearing must be supported by proof or be overruled.

4. **VERDICT: Impeachment: By Juror's Affidavit.** A verdict cannot be impeached by the affidavit of two jurors that another juror had made statements during the deliberations of the jury which showed his prejudice against the defendant. Affidavits of jurors may be received for the purpose of sustaining a verdict irregular on its face, but a jury cannot impeach its own verdict, and testimony of jurors will not be received for that purpose.

5. **EVIDENCE: Conspiracy: Statements Prior to Act.** Where a conspiracy to do an unlawful act is shown by the evidence, a statement made by one of the conspirators during the time of its existence and bearing upon its object and purpose, whether made in the presence or absence of the others, is admissible. Where defendant was charged with having employed one Hines to burn his store, for the purpose of defrauding an insurance company, and Hines had testified that he was so employed, had burnt the store, and had received fifty dollars from defendant for doing so, testimony of a witness that the day before the fire Hines told him that he had made arrangements with the defendant to burn the store, was to receive fifty dollars for the deed, and intended to carry out the arrangement that night, was admissible.

6. **DEFENDANT AS WITNESS: Cross-Examination.** Questions asked defendant on his cross-examination for which a sufficient basis was presented in his direct examination, are not error.

7. **INSTRUCTION: Testimony of Accomplice: Caution.** Appellant is in no position to urge that an instruction for the State telling the jury that the testimony of an accomplice should be considered with great caution "unless it is corroborated by other evidence" was erroneous, where he offered an instruction to the effect that the testimony of the accomplice was admissible, "yet his testimony, uncorroborated by some person or persons not implicated in the crime, ought to be received with great caution by the jury." If the State's instruction in effect told the jury that it was not necessary to consider the testimony of an accomplice with caution if

State v. Shields.

it was corroborated, the defendant's was objectionable for the same reason, for there was no difference between the two.

8. ———: Comment on Evidence: Statements of Conspirator. Jointly indicted, Hines had testified that defendant had employed him to burn his store and had given him fifty dollars for the deed; and Hopson, a youth with a bad record, had testified that on the day before the fire Hines had told him of his arrangements with defendant and that he intended to burn the store that night, and the court instructed the jury that "if you believe from the evidence that a conspiracy or agreement to set fire to or burn the buildings existed between the witness Hines and the defendant, at and prior to the alleged conversation of the witness Hines with the witness Hopson, testified to by said Hopson, then you may consider such evidence of such conversation along with the other evidence in the case, but on the other hand, if you believe that no such conspiracy or agreement existed at the time of the alleged conversation, then you should wholly disregard the evidence of such conversation in arriving at a verdict." Held, by WHITE, C., that the instruction is a clear comment upon the evidence, in that it singles out the testimony of Hopson and places undue emphasis upon it, and in effect directs the jury to believe Hopson if defendant had any arrangement with Hines. BLAIR, J., dissents, and holds the instruction proper and favorable to defendant. HIGBEE, P. J., and WALKER, J., express no opinion, but agree that the judgment should be reversed and the cause remanded.

9. ———: Converse of the State's. Where the court gives a general instruction covering all the facts and authorizing a verdict of guilty, a converse instruction offered by defendant and including a statement of the presumption of innocence should, in fairness, be given.

10. ———: Motive: Arson. In the trial of a defendant, charged with burning his store for the purpose of defrauding an insurance company, where there was evidence tending to show that no material gain would have been reaped by him as a result of the fire, a proper instruction upon motive should have been given, although there was sufficient evidence to establish motive.

Appeal from Randolph Circuit Court.—Hon. A. W. Walker, Judge.

REVERSED AND REMANDED (HIGBEE, P. J., and WALKER and Blair, JJ., concurring in the result only).

*Hunter & Chamier* and *Jerry M. Jeffries* for appellant.

(1) The information charges two crimes in each count and is bad for that reason. It is also bad because it does not charge the act was done with felonious intent. State v. Blakey, 184 Mo. 187; State v. Hoffman, 136 Mo. 58. (2) Where a junior has falsified in his *voir dire,* and it is shown that he was prejudiced against defendant, a new trial ought to be granted. State v. Ross, 29 Mo. 32; State v. Taylor, 64 Mo. 358; State v. Gonce, 87 Mo. 627. (3) Admissions of a co-conspirator, like the act of an agent, are admissible in evidence only when made while pursuing the object of the conspiracy. The admissions of Hines to the witness Hopson, made out of the presence of defendant, was incompetent and prejudicial evidence. 1 Greenleaf on Evidence (14 Ed.) sec. 113-114; State v. Farrell, 246 Mo. 330; Poe v. Stockton, 39 Mo. App. 558; State v. Daubrt, 42 Mo. 239; State v. Walker, 98 Mo. 95; State v. Little, 228 Mo. 273; State v. Ferrell, 246 Mo. 330; State v. Casto, 231 Mo. 398; State v. Gow, 235 Mo. 307; State v. Bobbitt, 228 Mo. 252. (4) The court erroneously rejected the testimony of the witness Haley, the master builder. The cost of rebuilding was material evidence, and tended to prove that the property was not overinsured. Sires v. Clark, 132 Mo. App. 537; Shepard v. People, 19 N. Y. 545; Curtain Clark Hdw. Co. v. Churchill, 126 Mo. App. 469. (5) The cross examination of defendant was improper—first, because he was cross examined on matters not touched on in his direct examination, and second, he was asked about immaterial matters, and then other witnesses introduced on the same subject in an attempt to impeach him. State v. Sharp, 233 Mo. 269; State v. Mitchell, 229 Mo. 683; State v. Wilson, 223 Mo. 173; State v. Lovitt, 243 Mo. 510. (6) The value of the property, be it much or little, does not afford any proof of defendant's guilt, with the pos-

sible exception that it might tend to show motive or no
motive.  No instruction on motive was given.  Shepard
v. People, 19 N. Y. 545.  (7)  Instruction 2 is grossly
bad.  The instruction told the jury: First, if they found
the accomplice's testimony corroborated they need not
consider it with caution—the caution only applied in
the event of there being no corroboration.  It did not
tell the jury to "receive" the accomplice's testimony
with caution.  Second, this instruction also assumed
there was a conversation between the witness Hines and
Hopson.  Third, the instruction also called the jury's
attention to Hopson's testimony, pointed it out and ·
magnified it.  State v. Castor, 93 Mo. 248; State v. Si-
vill, 105 Mo. 534; State v. Duncan, 64 Mo. 265; State v.
Bobbitt, 215 Mo. 10; State v. Rutherford, 152 Mo. 133.
(8)  The court did not fully define reasonable doubt.
It gave the State's instruction, the one usually given for
the State, but refused the one offered by defendant.  The
two together would have properly instructed the jury
on that question.  The one given alone did not so in-
struct properly.  State v. Clark, 174 Mo. 361; State v.
Neizinger, 220 Mo. 49; State v. Owens, 79 Mo. 631; Laws
1895, p. 161.  (9)  The court erroneously refused In-
struction D offered by defendant on the question of mo-
tive.  All the evidence as to value of the property de-
stroyed was introduced on the question of motive.  It
could be introduced for no other purpose.  By refusing
this instruction the jury were uninstructed on one part
of the case.  State v. Foley, 144 Mo. 600, 620, 622; State
v. Evans, 158 Mo. 609.  (10)  The only testimony against
defendant is the evidence of Hines, the so-called accom-
plice.  He was shown to be a felon, immoral, unworthy
of belief, dishonorable to his country, impeached himself
and was impeached by the other evidence in the case.
This evidence will not support a verdict.  State v.
Moroney, 196 Mo. 43.  (11)  After the trial the prose-
cuting witness, Hines, upon whom the State relied solely
for conviction, made statements that he had testified

falsely, also made affidavit that he had testified falsely in the trial. This affidavit was filed with the motion for new trial, also affidavit as to the statements he had made, all in support of the motion for a new trial. A new trial should be granted for this reason, if for no other. It is true said prosecuting witness made another affidavit, filed by the State as a counter affidavit. In that affidavit Hines admitted the statement, also admitted making the affidavit. The new evidence ought not to be covered with counter affidavits. State v. Moberly, 121 Mo. 604, 614; State v. Murray, 91 Mo. 103; State v. Bailey, 94 Mo. 315; State v. Curtis, 77 Mo. 268; State v. Speritus, 191 Mo. 41.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Special Assistant Attorney-General, for respondent.

(1) The information is sufficient. Sec. 3288, R. S. 1919; State v. Bersch, 207 S. W. 812; State v. Tucker, 84 Mo. 24. (2) Where there is substantial evidence supporting the verdict of the jury, this court will not interfere. State v. Fields, 234 Mo. 627; State v. Sharp, 233 Mo. 298; State v. Cannon, 232 Mo. 215. Where the evidence is conflicting, it is for the jury to weigh and give such credit or reject the same as they see fit. State v. McKenzie, 177 Mo. 717; State v. Williams, 186 Mo. 135. (3) The question as to whether a juror had prejudged the case is one of fact to be determined by the trial judge on sworn statements. The affidavit offered by appellant was unequivocally denied by Juror Dowdy in his affidavit, and the court committed no error in finding no misconduct was established. State v. Gonce, 87 Mo. 630; State v. Howell, 117 Mo. 342. (4) The failure of the court to give an instruction that defendant is a competent witness in his own behalf, which appellant complains of, would have been error. State v. Finkelstein, 269 Mo. 618; State v. Rose, 271 Mo. 16. (5)

Where a conspiracy is established the acts and declarations of one, in the prosecution of the commission of the common plot or undertaking, is the act or declaration of all. A conspiracy to burn appellant's store was shown between him and George Hines, hence appellant's assignment of error has no merit. State v. Walker, 98 Mo. 103; State v. Roberts, 201 Mo. 727. (6) Only one offense was submitted by the two counts in the information, and the court's refusal to require the State to elect was not error, and the verdict was good, although general. State v. Martin, 230 Mo. 20; State v. Noland, 111 Mo. 498; State v. Schmidt, 137 Mo. 270. (7) It rests in the sound discretion of the court whether a new trial should be granted on the ground of perjury. The testimony of Hines, accomplice, was alleged to be false in an affidavit executed by Hines, under promise of securing Hines's release from punishment, and by force and duress, as alleged in a counter affidavit subsequently executed by him. This presented an issue of fact for the trial court, and only in a case of the grossest abuse of this discretion will this court interfere. Hurlbut v. Jenkins, 22 Mo. App. 575; Jaccard v. Davis, 43 Mo. 536; Ridge v. Johnson, 129 Mo. 545. Recanting testimony is exceedingly unreliable and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. State v. Blanchard, 88 Minn. 82; Lucia v. State, 77 Vt. 279. Especially is this true where the recantation involves a confession of perjury. Tally v. State, 18 Ariz. 309; People v. Shilitano, 218 N. Y. 161.

WHITE, C.—This appeal is from a judgment in the Circuit Court of Randolph County upon conviction of defendant of arson in the second degree, under Section 3288, Revised Statutes 1919.

The evidence for the State showed that the defendant was in the real estate business in Moberly, and lived there; that he owned a double-store building, fixtures, and stock in Clark. a small town on the C. & A.

and Wabash railroads, in the southeast part of Randolph County. He carried twelve thousand dollars insurance on the property with the Queen Insurance Company of New York. On March 28, 1920, the store building and stock were consumed by fire, which, it is alleged by the State, defendant caused for the purpose of defrauding the insurance company.

The case for the State was made out chiefly on the testimony of one George M. Hines, a young man eighteen years old, who resided in Moberly. Hines testified that the defendant engaged him to go to Clark and set fire to the store, for which he agreed to give Hines fifty dollars. Defendant told Hines that he had an old stock of goods that he could not get rid of and he wanted to get the insurance. He visited the store in Clark about once a week.

In the afternoon of March 27th, Hines went by Wabash train from Moberly to Clark; he had borrowed a suit case, in which he carried an old suit of clothes to wear back. Under the defendant's directions he represented himself to be a salesman for the Cudahy Packing Company. When he arrived at the store the defendant concealed him on the second floor, brought him food, a revolver, a pair of shoes, some cigars, a flashlight and an Ingersoll watch, and instructed him to wait until the next morning at two o'clock, and then to pour kerosene over the floor of the store and set fire to it. Three two-gallon cans of kerosene were on the upstairs balcony for his use. The defendant then left Clark on the night train at ten o'clock for Moberly. Hines waited until 2:30 a. m., March 28th, then carried out his instructions, by pouring kerosene over the floor and applying matches to it. He passed out of the back door and through the fields to the C. & A. tracks and arrived at Moberly about 6:30 that morning. He went to the defendant's office and received from the defendant twenty dollars; later he received thirty dollars. The defendant collected $11,500 insurance from the Queen Insurance Company.

The State offered evidence to show the value of the buildings was from twenty-five hundred to four thousand dollars, and that the stock did not exceed three thousand dollars in value. The stock had been traded and brought from another place, and had been traded once or twice before that; a good deal of it had been sold.

A week or so before the fire the defendant sold some brooms at less than cost. He also had some jewelry, but no trace of it could be found after the fire. On the day before the fire the defendant bought a fifty-gallon barrel of coal oil, which was delivered at his store.

Hines's roommate testified that Hines was not in his room on the night of the fire, and was not seen by him until the next day. One Lloyd Hopson testified that late in the afternoon of the day before the fire he was with Hines in Moberly, and Hines at that time told him of his purpose and arrangement with Shields to burn the store for fifty dollars.

It was further shown that the defendant had been trying to sell his stock.

In defense the defendant offered evidence to show that his store and goods were worth the amount of insurance, or more. He denied any arrangement with Hines. Testimony was offered to show that the reputation of George Hines for truth and veracity was bad, and that the reputation of Lloyd Hopson also was bad. Hines on the stand admitted that he was paroled from a sentence in the penitentiary for grand larceny. Hopson was shown to be under arrest at the time of the trial.

After the verdict the defendant filed a motion for new trial, appending an affidavit of George Hines, sworn to on the thirtieth day of April, 1921, in which Hines swore that he testified falsely at the trial, and that he didn't burn the store of Shields at Clark on the 28th day of March, and that Shields did not pay him fifty dollars for burning the store; that he testified as he did in order to protect Lloyd Hopson. Also attached to the motion for new trial was the affidavit of George W.

Brown, who testified that he saw George Hines on the 29th day of April, 1921, in the depot at Moberly; that Hines said to him that the testified falsely at the trial and did it to save Lloyd Hopson; that he didn't burn the building at all. Before the motion for new trial was passed upon, the State procured a counter affidavit from George Hines in which he said he told the truth at the trial, and that his affidavit which he had furnished the defendant to file with his motion was not true; that it was urged on him by a promise that the defendant would pay him and get him free in a short time, and that defendant would see that Hopson would not get anything. The court overruled the motion.

I. Before the trial began the defendant filed his motion requesting the court to require the defendant to elect upon which count of the information he would go to trial. The grounds of the motion were, (1), that the two counts therein were inconsistent and evidence which would tend to prove one of said counts would disprove the other; (2), that in the first count defendant is charged as an accessory, while in the second count he is charged with the commission of a felony, as principal.

*Information: Principal and Accessory.*

The information filed by Redick O'Bryan, Prosecuting Attorney of Randolph County, states:

"That on the 28th day of March, 1920, George M. Hines did unlawfully, wilfully, maliciously and feloniously, set fire to and burn a double-store building and the contents thereof, the property of Lonnie B. Shields, with intent then and there to defraud . . . the Queen Insurance Company of America, the insurer of said double-store building, . . . which said double-store building, etc., were then and there insured unto the said Lonnie B. Shields against loss and damage by fire in the sum of twelve thousand dollars by the Queen Insurance Company of America, . . . and the said Redick O'Bryan further charges and informs the court that the

defendant Lonnie B. Shields, before the setting fire to, and burning the said double store and contents, on the 27th day of March, 1920, did unlawfully . . . and feloniously . . . procure, hire and command said George M. Hines to commit said felony and to set fire to, etc., . . . with intent then and there and thereby to defraud . . . the Queen Insurance Company of America, the insurer of said property.''

Second Count: ''For a second count the said prosecuting attorney . . . informs the court that the defendant Lonnie B. Shields and one George M. Hines on the 28th day of March, 1920, at the said county of Randolph, did then and there, unlawfully . . . feloniously set fire to, burn and consume, . . . with intent then and there and thereby to defraud, damage and prejudice the Queen Insurance Company of America, the insurer of said building and the contents thereof.''

The first count charges the defendant with burning the property by hiring George M. Hines to do the deed and that George M. Hines did the deed. The second count charges that the defendant and George M. Hines committed the offense.

It is claimed that the first count charges defendant as accessory, while the second count charges him as principal.

Section 3687, Revised Statutes 1919, provides that every person who shall be principal in the commission of a felony, or who shall be accessory to any murder or other felony before the fact, shall upon conviction be adjudged guilty of the same offense in the same degree and be *charged*, tried, convicted and punished in the same manner as the principal in the first degree.

An accessory before the fact may be *''charged''* in the same manner as a principal in the first degree. It has been held that this statute abolishes the difference between the accessories before the fact and the principal. An indictment for a felony in such case may either allege the matter according to the facts, or charge both

the principal and the accessory as principals in the first degree. That is what is done in this case. One count charges the defendant according to the facts, and the other charges him with his co-conspirator as principal. [State v. Schuchmann, 133 Mo. l. c. 125; State v. Anderson, 89 Mo. l. c. 333; State v. Edgen, 181 Mo. l. c. 590; State v. Fredericks and Reed, 85 Mo. 145, l. c. 151; State v. Carroll, 288 Mo. 392, 232 S. W. l. c. 701.]

Under these authorities the purpose of the statute is to fix the guilt where it belongs. What one does by another he does himself. In this case the information charges that the defendant committed the crime through his instrument George M. Hines, and the other count charges that the two did it. Defendant thereby was fully apprised of the facts which he is called upon to meet in the trial. The two methods of alleging the offense are simply in the alternative, and each refers exactly to the same act. The motion to elect, therefore, was properly overruled.

II. Appellant in his brief here makes some points against the information not mentioned in the motion to elect, one of which may be noticed, to the effect that the information is bad because it does not charge that the act was done with felonious intent. The crime charged is statutory. An indictment charging a statutory offense is sufficient where the language of the statute is followed, if the statute sets forth all of the constituent elements of the offense. [State v. Perrigin, 258 Mo. l. c. 236; State v. Bersch, 276 Mo. l. c. 412; State v. Moten, 276 Mo. 357; State v. Hunter, 171 Mo. 439; 1 R. C. L. p. 151.]

*Felonious Intent.*

The information charges that the defendant did wilfully, unlawfully, maliciously and *feloniously* incite, move and procure the said George M. Hines . . . with *intent* then and there and thereby to defraud, damage and prejudice the Queen Insurance Company, the insurer. It is the language of the statute. An instruction

need not use the word ''feloniously'' or ''felonious'' in requiring a finding by the jury of the criminal intent, where the facts to be found would necessarily constitute a felony. [State v. T. B. Smith, 250 Mo. l. c. 371; State v. Hillebrand, 285 Mo. 290, 225 S. W. l. c. 1007.] Likewise it is not necessary to allege that an act was done feloniously where the acts alleged necessarily constituted a felony. [State v. McWilliams, 267 Mo. l. c. 449.] The crime here declared by the statute to be a felony is setting fire to a certain property mentioned ''with intent to defraud'' etc. The intent to defraud the insurer is the felonious intent necessary to characterize the crime.

It is also assigned as error that the court overruled defendant's plea in abatement to the second count, which plea was presented on the ground that defendant was not given a preliminary hearing. It was not necessary that the information should show on its face a preliminary hearing was granted. It was necessary for the defendant to present proof in support of his plea. No such proof is shown by the record. [Ex parte Buckley, 215 Mo. 93; Sec. 3848, R. S. 1919.]

*Preliminary Hearing.*

III. In support of his motion for new trial appellant offered the affidavit of two jurors for the purpose of showing that one juror, namely Dowdy, had qualified by swearing falsely when he was impaneled, and had made statements in the deliberations of the jury which showed his prejudice against the defendant.

*Impeachment of Verdict.*

The affidavits of jurors may be received for the purpose of sustaining a verdict which on its face is irregular. [Hays v. Hogan, 273 Mo. 26.] But the rule is uniform that a jury may not impeach its own verdict; the testimony of jurors will not be received for the purpose of impeaching it. [Green v. Terminal Railroad Assn., 211 Mo. 18, l. c. 30; Devoy v. Transit Co., 192 Mo. l. c. 218; Lauff v. Kennard Carpet Co., 195 S. W. l. c. 59;

State v. Burks, 132 Mo. l. c. 368-9; Leahy v. Tesson, 108 Mo. App. l. c. 373; Pratte v. Coffman, 33 Mo. l. c. 78.] It was entirely proper for the court to overrule that objection to the verdict.

IV. Defendant introduced a witness who was asked to state if he had made an estimate of what it would cost to rebuild the buildings burned. This evidence was excluded, and error is assigned to the ruling. In some cases it has been held that where a question of value is under consideration the cost of the article may be shown for the purpose of throwing light on the market value. [Conner v. Railroad, 181 Mo. l. c. 419; Orchard Co. v. Railroad, 173 Mo. App. l. c. 456-7; Matthews v. Railroad, 142 Mo. 666.] However, the witness in this case was allowed to state that he was acquainted with the reasonable market value of real estate in Clark, and that the reasonable market value of the two buildings mentioned was nine thousand dollars. He was asked upon what he based that valuation. He answered that he knew what it would cost to rebuild them. So, the defendant got before the jury the very fact that he was attempting to prove, and there was no error.

*Cost to Rebuild Burnt Store.*

V. The appellant assigns error to the admission of the testimony of Lloyd Hopson who swore that late in the afternoon of March 27th, the day before the fire, he had a talk with George M. Hines, and Hines then told him about his arrangement with defendant to burn the store, and that he intended to carry out the arrangement that night. The rule is that where a conspiracy to do an unlawful act is shown by the evidence, a statement made by one of the parties to the conspiracy during the time of its existence and bearing upon its object and purpose, whether stated in the presence of other conspirators or not, is admissible as evidence against all. [State v. Darling, 199 Mo.

*Statements of Conspirator.*

l. c. 201; State v. Fields, 234 Mo. l. c. 623; State v. Bersch, 276 Mo. l. c. 414; State v. Bobbitt, 228 Mo. l. c. 266; State v. Roberts, 201 Mo. l. c. 727-728.] The evidence was admissible.

VI. Error is assigned to the cross-examination of the defendant. It is claimed that such cross-examination was improper, as not relating to matters touched upon in his direct examination. No particular part of his evidence is pointed out by appellant to which this objection relates. He was asked in chief whether he ever saw George Hines in the buildings on the Saturday before the fire, and whether he ever walked on Reed Street with Hines at any time in his life, and if he at any time in his life met George Hines at his own office in Moberly, *or at any other place,* or if he ever paid George Hines any money, to all of which he answered in the negative. After careful examination of the cross-examination we find that many questions were asked of the witness touching his meeting and conferring with George Hines, for all of which a sufficient basis was presented in the direct examination. We find no error in that respect.

Cross-Examination of Defendant.

VII. In regard to the testimony of an accomplice the court instructed the jury that such testimony should be considered by the jury with great caution, "unless it is corroborated by other evidence as to matters material to the issues." Appellant claims this is an error, because it in effect directs the jury that it is not necessary for the jury to consider such evidence with caution if it *is* corroborated. The appellant is not in position to urge this objection because he offered an instruction to the effect that the testimony of George M. Hines (the alleged conspirator) was admissible. "Yet his evidence, uncorroborated by some person or persons not implicated in the crime as to matters material to the issues . . . ought to be

Testimony of Accomplice.

404 SUPREME COURT OF MISSOURI,

received with great caution by the jury." We see no difference in effect between the two instructions; if that given by the court was objectionable for the reason stated, the one requested by the defendant was objectionable for the same reason. [State v. Bobbitt, 215 Mo. 1. c. 41-42, and cases cited.]

VIII. - The court gave the following instruction numbered two:

"The court instructs the jury that if you believe from the other evidence that a conspiracy or agreement to set fire to or burn the buildings mentioned in the evidence existed between the witness George M. Hines, and the defendant, at and prior to the time of the alleged conversation of the witness Hines with the witness Lloyd Hopson, testified to by the said witness, Lloyd Hopson, then you may consider the evidence of such conversation along with the other evidence in the case, but on the other hand, if you believe that no such conspiracy or agreement existed at the time of the alleged conversation, then you should wholly disregard the evidence of such conversation in arriving at a verdict."

It will be remembered that Lloyd Hopson was the youth who had a bad record and who testified to statements made to him -by George M. Hines the evening before the fire as to the latter's purpose and agreement with the defendant. This instruction is clearly a comment upon the evidence. It singles out the testimony of Lloyd Hopson and places undue emphasis upon it. In effect it tells the jury to believe Hopson if Shields had an arrangement with Hines. Such an instruction has frequently been condemned by this court. [Burton v. Holman, 288 Mo. 70, 231 S. W. 630, 1. c. 634; Andrew v. Linebaugh, 260 Mo. 1. c. 663; State v. Adkins, 284 Mo. 1. c. 687-688; Littig v. Heating Co., 237 S. W. 1. c. 785.]

The court likewise gave a general instruction covering all the facts and authorizing a verdict of guilty. The defendant offered the converse of this instruction

which included a statement of the presumption of innocence. It would have been fair to the defendant to allow that instruction; he was entitled to a converse of instructions given for the plaintiff.

The defendant also offered and the court refused an instruction upon motive, which it would have been entirely proper for the court to give, for there was evidence tending to show the defendant would have no material gain by reason of the fire. While there was sufficient evidence to show motive, it nevertheless was a controverted issue and the instruction asked by the defendant should have been given.

For the reasons mentioned the judgment is reversed and the cause remanded. *Railey, C.,* concurs; *Reeves, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur; *David E. Blair, J.,* in separate opinion; *Walker & Higbee, JJ.,* concur in result.

DAVID E. BLAIR, J. (concurring).—I concur in all of the majority opinion, except that portion of Paragraph VIII criticising an instruction dealing with the testimony of Lloyd Hopson. I do not agree that, "This instruction is clearly a comment upon the evidence. It singles out the testimony of Lloyd Hopson and places undue emphasis upon it. In effect it tells the jury to believe Hopson if Shields had any arrangement with Hines."

The jury was correctly told that Hopson's testimony should be considered by it only in the event it found a conspiracy to burn the store existed at the time of such alleged conversation. The instruction does not assume that such conversation occurred, since it refers to it as an "alleged conversation." If the jury did not find such conspiracy existed, it should not consider such alleged conversation. If it did find the conspiracy exist-

ed and did find such conversation actually occurred, then the jury was authorized to consider "such conversation along with the other evidence in the case." It was a proper instruction and favorable to defendant. I therefore concur in the result. *Higbee, P.J.*, concurs herein.