In the Matter of HARRY T. WEST.—152 S. W. (2d) 69.

Court en Banc, June 12, 1941.

DOUGLAS, J.—This is a proceeding for contempt of this court arising out of the failure of West, without legal excuse, to obey the subpoena of this court.

West, a lawyer of Bolivar, was charged with wrongfully and unlawfully retaining funds of a client before the Advisory Committee of our Bar Administration. The committee set a formal hearing of these charges. A *subpoena duces tecum* to appear at this hearing was issued by this court and was duly served on West. He refused to answer the subpoena and failed to appear. The committee has reported his disobedience to this court as it is required to do under Sec. 4 of our Rule 36.

We issued a citation for contempt against West and he has answered, admitting his failure to obey the subpoena and to appear before the Advisory Committee. By way of explanation he states that he is a justice of the peace as well as a lawyer and because of his failure to turn over the funds in question he was threatened with the institution of criminal charges against him for corruption in office by an attorney acting for the claimant of said funds. Because of such threat he contends that the testimony the committee might have elicited from him might have incriminated him, and for such reason he was excused from obeying the subpoena. He begs the mercy of the court.

This proceeding is limited only to West's contempt in failing to obey the subpoena of this court. The charges against him for unprofessional conduct were heard and decided by the Springfield Court of Appeals in a disbarment action which was filed in that court after his failure to attend the hearing mentioned above. That court found him guilty of professional misconduct, publicly reprimanded him and fined him $1 and costs. [See 148 S. W. (2d) 67.]

The disobedience of a lawful order of a court is such an interference with the administration of justice as to constitute a contempt. [Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 62 S. W. (2d) 803; Blackmer v. United States, 284 U. S. 421.] In his return to our citation for contempt West admitted his guilt and has attempted to excuse his conduct. Under such conditions no hearing in this proceeding need be had. As a matter of fact West has waived a hearing.

His excuse for his failure to obey the subpoena on the grounds of his constitutional protection from self-incrimination is no good. True, it is well established in this State that the immunity afforded a witness by the Constitutional provisions is broad enough to protect him against self-incrimination before any tribunal in any proceeding; it is not merely to shield a witness at his final trial but extends its protection in preliminary proceedings. [State v. Young, 119 Mo. 495, 24 S. W. 1038; Ex parte Arvin, 232 Mo. App. 796, 112 S. W. (2d) 113.] But this protection may not be used as an excuse to ignore a proper summons and to fail to appear when commanded to do so. The protection goes to the testimony of the witness, not to his appearance before the tribunal. It entitles him to be excused from giving testimony that will tend to incriminate him. The rule is expressed in 70 C. J., Witnesses, sec. 15, thus: "The constitutional privilege that no one shall be compelled to incriminate himself or be a witness against himself in a criminal case may, when applicable, protect a person from being required to testify; but it does not relieve him of the obligation to appear in answer to a subpoena."

West, as a lawyer, must know this well established rule. His failure to obey our subpoena was highly improper, even more so

because he is an officer of this court in his capacity as lawyer. The obligation upon a lawyer to respect the process of the court is certainly greater than that of a layman. Even a layman is under the strongest public duty, whenever he is properly summoned, to aid as a witness in the administration of justice. [Blair v. United States, 250 U. S. 273.] Furthermore, West violated his professional obligation of fairness to this court. [Sec. 22, Rule 35; In re Fenn, 128 S. W. (2d) 657.]

West has already suffered because of his professional misconduct. We are not disposed to add too greatly to his burdens. We adjudge him to be in contempt of this court for his failure to obey our subpoena and as punishment for such contempt we fine him the sum of $1. He shall also pay the costs of this proceeding amounting to $26 in addition to the fine.

It is so ordered. All concur.