STATE of Missouri, Respondent,

v.

Edwin Thomas BARRETT, Appellant.

No. 51305.

Supreme Court of Missouri,
Division No. 2.

Oct. 10, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Robert B. Curtis, Special Asst. Atty. Gen., St. Louis, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

BARRETT, Commissioner.

Upon a charge of robbery in the first degree with a dangerous and deadly weapon, a revolver, the appellant was found guilty and a jury assessed the minimum punishment of five years' imprisonment. RSMo 1959, § 560.135.

The court appointed two lawyers to represent the appellant but he insisted upon trying his own case, his lawyers being restricted to an area back of the bar and employed but occasionally by way of consultation. Upon this appeal the appellant is represented by a third lawyer who has briefed and argued three points, none of which were set forth in his motion for a new trial. Some of the matters, however, may appear "upon the record before" the court and therefore may be considered. Criminal Rule 28.02, V.A.M.R.

As stated, the appellant was charged with robbery in the first degree with a dangerous and deadly weapon, an offense punishable by death (RSMo 1959, § 560.-135), and since the offense and trial were both in Jackson County in the normal course of events the appellant would have been entitled to a panel of forty-seven jurors and twenty peremptory challenges rather than a panel of thirty-four jurors. RSMo 1959, § 546.180. The appellant contends, because the offense was punishable by death, that he is entitled to a new trial because a panel of forty-seven jurors was not called. However, when this question arose as the jury panel was being called the state specifically waived the death penalty. Unlike murder in the first degree (RSMo 1959, § 559.030, State v. Tillett, Mo., 233 S.W.2d 690) life imprisonment or death are not the only penalties for first degree robbery, the minimum punishment for first degree robbery is five years' imprisonment (RSMo 1959, § 560.135) and thus this case is unlike State v. Kinne, Mo., 372 S.W.2d 62, in which the jury had a choice of only life imprisonment or death. State v. Redding, Mo., 357 S.W.2d 103. The state having waived the death penalty there was no necessity for a panel of forty-seven jurors and the appellant's assignment of error in this respect is without merit. State v. Redding, supra; State v. Burnett, 357 Mo. 106, 206 S.W.2d 345.

Another matter urged by counsel is that in violation of the constitutional safeguards to "a speedy and public trial by an impartial jury" (Sixth Amend. Const.U.S.; Art. I, Sec. 18(a) Const. of Mo., V.A.M.S.) his case was continued more than two terms while he was in custody (RSMo 1959, §§ 478.247; 545.890–545.910) and therefore he is now entitled to a new trial. The difficulty with this position is that it is refuted by the necessary factual basis, the appellant was arraigned on January 13, 1964, at the January 1964 term of court, the defendant then declined counsel, entered a plea of not guilty, and the cause was continued for the term and set on March 9, 1964. On that date, March 9, 1964, the cause was reset for April 6, 1964, and when the case was called on the latter date the record recites that "Now on this day *at the request of the defendant,* it is ordered by the Court that the following * * * causes be continued for the term and set on the 1st day of May 1964," the first day of the May term. On May 5, 1964, appellant's first lawyer was appointed and the case set for trial on June 15. The next record entry, June 22, 1964, is that "Now on this day *at the request of the defendant*" the cause was continued to September 14, 1964, the first day of the September term. On August 6, 1964, his new-

ly appointed counsel asked for a mental examination which was ordered and the case again set for October 13, 1964. On October 26 appellant moved to dismiss the cause for lack of counsel, the case was reset for November 9 but, again, on November 2 the record recites that "on this day at the request of the defendant" the cause was "continued for the term" and again reset for November 16, 1964, on which date the trial was begun.

■ The purpose of the statute against continuances while a defendant is in custody is not only to secure a speedy trial but to prevent laches on the part of the state (State v. Woods, 346 Mo. 538, 142 S.W.2d 87), and the right to a discharge if the statute is not observed is not jurisdictional, it is a privilege and may be waived if not invoked at the proper time in an appropriate manner before trial. Osborne v. Owsley, Mo.App., 257 S.W.2d 691. In the second place, the record here affirmatively shows that the appellant sought or by his own conduct caused the continuances and of course is in no position to now complain. State v. Werbin, Mo., 345 S.W.2d 103; State v. Nelson, Mo., 279 S.W. 401.

■ Another matter not set forth in his motion for a new trial is the briefed assertion that the court erred in failing to supply the appellant with "a transcript of testimony prior to time for filing motion for new trial" which he says is a denial of due process and of equal protection. In the first place, at a charge of $337.50 a free transcript of 442 pages covering everything that occurred in the trial of the cause was prepared and made available to appellant's counsel who briefed and argued his cause. In the second place, it is nowhere pointed out just what would or could have been raised had a transcript been made available before the filing of his motion for a new trial. In short, he asserts the bare right, there is no claim that he was prejudiced in any particular respect or that any rights have been infringed or denied because there was no transcript before the filing of the motion for a new trial. In furnishing the transcript now before the court Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and subsequent cases have been complied with and there has been no infringement of constitutional rights.

■ As stated the three matters above considered were not set forth in appellant's motion for a new trial in connection with which there is another problem. Upon the appellant's motion, after the jury verdict, for among other matters a transcript before filing a motion for a new trial and for which he asked sixty days' time the court delivered to the appellant a memorandum in which on "its own motion" the court allowed the defendant thirty days in which to file a motion for a new trial. The memorandum recited that "the last day for filing such motion would be on December 18, 1964," which of course was ten days less under the rules than the court could have granted. Criminal Rule 27.20. In any event the appellant's motion for a new trial was not filed until December 24, 1964, which obviously was not timely. State v. Hamilton, Mo., 391 S.W.2d 872. However, even if it may be said that there was some ambiguity and the appellant was in fact given forty days in which to file his motion as in State v. Knicker, Mo., 364 S.W.2d 544, the only valid assignments in his motion for a new trial would have no merit because the one is unfounded and there "was substantial evidence to support a finding of defendant's guilt as charged in the amended information" hence no merit in the assignments that there was insufficient evidence to support the conviction. State v. House, Mo., 349 S.W.2d 928, 929.

In brief the circumstances as they could reasonably be found by the jury were that Mr. and Mrs. Kenneth B. Carlson operated the Carlson Watch Repair and Jewelry at 1108 E. Armour. On September 14, 1963, about 5:50 in the afternoon the appellant walked into the jewelry store, pretended to look at a lighter case, and when Mrs.

Carlson asked if she could help him, he asked for the "man that repairs lighters." Mrs. Carlson pointed to her husband at his watch bench "and he pulled this gun, and he said, 'This is a holdup.'" With the gun in Mrs. Carlson's back he "walked" her over to her husband, tied her to a radiator with a rope, removed her husband's crutches and tied him to a chair. In the meantime the appellant's accomplice, a Negro, walked in, locked the door and pulled the blinds. The appellant and his accomplice took lighters, watches, a radio, three to four hundred dollars in cash and other property of a total value of $1500. Both Mr. and Mrs. Carlson identified the appellant at the trial, in a police "line up" and in photographs as their robber. Needless to say this evidence supports the charge and verdict of first degree robbery with a dangerous and deadly weapon. State v. Ray, Mo., 354 S.W.2d 840.

Surprisingly enough in view of his lack of respect for his three or four court-appointed lawyers and his insistence on trying his own case his other only valid assignment of error is that "Defendant was clearly prejudiced in that he conducted his own defense. Defendant is unqualified as a lawyer; was unable to adequately cross-examine witnesses; and was unable to present to the jury his side of the case due to his lack of legal training and general inability." It might have been wiser to entirely rely on his lawyers but both the result, a minimum punishment of five years, and the record refute his claim of unfair prejudice by reason of his conducting his own defense. In any event, the appellant does not claim mental incompetency, he voluntarily and understandingly made but partial use of his lawyers, the court took every precaution to safeguard his rights and in all these circumstances he may not be heard to complain of his own conduct. 23 C.J.S. Criminal Law §§ 979(3) (4), pp. 916–927; 21 Am.Jur.2d (Criminal Law) § 310, p. 335; State v. Slicker, Mo., 342 S.W.2d 946; State v. Ingram, 316 Mo. 268, 289

S.W. 637; State v. Warren, Mo., 321 S.W. 2d 705.

The information appropriately charged the offense of robbery in the first degree by means of a dangerous and deadly weapon (State v. Jarrett, Mo., 317 S.W.2d 368), the minimum punishment was assessed, there was allocution and the sentence and judgment are responsive to the verdict. Criminal Rules 27.08, 27.09. Since no prejudicial error is found or demonstrated upon the transcript the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.