TWENTY–FIRST JUDICIAL CIRCUIT, BAR COMMITTEE, Movant,

v.

**Brian J. FAHEY, Respondent.**

No. 61410.

Supreme Court of Missouri, en banc.

June 29, 1979.

Thomas Cummings, Clayton, for movant.

Mary Fiser, Clayton, for respondent.

PER CURIAM.

This is an original proceeding and hearing on an Order to Show Cause why Brian J. Fahey should not be held in contempt of court for failing to comply with a subpoena issued by this court. The court finds respondent Fahey guilty of contempt of court.

At the request of the Bar Committee of the Twenty-First Judicial Circuit of Missouri, the court issued a subpoena dated February 5, 1979 wherein respondent Fahey was ordered to appear before the committee on the 28th day of February 1979 and was further ordered to: "produce in evidence any and all documents relating to the case of *Bedwell v. A. J. F. Industries.*"

In response to our Order to Show Cause, the respondent filed a return admitting that he "failed to appear before the Bar Committee of the Twenty-First Judicial Circuit on the 28th day of February, 1979 at the designated hour and place specified in the subpoena and as an excuse therefore stated that he did not believe that the Bar Committee of the Twenty-First Judicial Circuit was going to afford him the confidentiality he felt he was entitled to have under the rules of this court."

Respondent appeared before our court in person and by counsel and the Bar Committee appeared by counsel. Oral arguments were heard. No briefs were filed or requested.

Respondent's counsel conceded that there were numerous ways that respondent could have obtained a court ruling on any question of confidentiality which was in his mind. It is clear that the rules governing disciplinary proceedings before a Bar Committee do not limit an individual's "right to seek any remedy afforded by law." Rule 5.25. We note that Disciplinary Rule 4–101 of the Code of Professional Responsibility deals with attorney-client confidences (Rule 4) and Rule 5.22 governs the confidentiality of the investigations and formal hearings conducted by a circuit bar committee.

In *In re West*, 348 Mo. 30, 152 S.W.2d 69 (1941), this court was faced with a similar problem. Attorney Harvey T. West admitted his failure to appear before a bar committee in response to a subpoena and tried to excuse himself on the grounds that the testimony elicited from him might have incriminated him. The court stated that: "The disobedience of a lawful order of a court is such an interference with the administration of justice as to constitute a contempt." *Id.* at 70.

After pointing out that the privilege against self-incrimination does not relieve a witness of the obligation to appear in an-

swer to a subpoena, the court went on to say,

> West, as a lawyer, must know this well established rule. His failure to obey our subpoena was highly improper, even more so because he is an officer of this court in his capacity as lawyer. The obligation upon a lawyer to respect the process of the court is certainly greater than that of a layman. Even a layman is under the strongest public duty, whenever he is properly summoned, to aid as a witness in the administration of justice. *Blair v. United States,* 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979. Furthermore, West violated his professional obligation of fairness to this court. *Id.* at 71.

The return indicated that on June 19, 1979, respondent had communicated with the chairman of the committee that he would now comply with the subpoena and would appear and produce all documents requested. It is regrettable that this offer of compliance came after the Order of this Court to Show Cause.

For the reasons stated, the court finds the respondent Brian J. Fahey guilty of contempt of the Supreme Court of Missouri and assesses fine in the amount of Five Hundred Dollars together with costs.