STATE v. HARVE MYERS, Appellant.—No. 39221.—189 S. W. (2d) 279.

Division Two, September 4, 1945.

*O. J. Page* for appellant.

*J. E. Taylor*, Attorney General, and *Harry H. Kay*, Assistant Attorney General, for respondent.

**LEEDY, J.**—Defendant appeals from a judgment convicting him of burglary and larceny, and sentencing him to four years' imprisonment (two years for burglary, and two years for larceny) in accordance with the verdict. He has not filed a brief, and we therefore look to the motion for a new trial for the assignments of error.

Assignments Nos. 1, 2, 3 and 4 read as follows:

"1. The verdict of the jury is against the evidence and against the weight of the evidence.

"2. The verdict of the jury is against the law as declared in the instructions as given by the Court.

"3. Because the Court erred in refusing to give instructions asked by the defendant Nos. 1 and 3.

"4. Because the Court erred in giving instructions given by the State and Nos. 1, 4, 6, 10."

These assignments are too general to preserve anything for review. State v. Kennedy, (Mo.), 108 S. W. (2d) 384; State v. Shepard, 334 Mo. 423, 67 S. W. (2d) 91; State v. Goodwin, 333 Mo. 168, 61 S. W. (2d) 960.

The remaining assignments complain of alleged error in the following respects: (1) Failing to direct a verdict of not guilty; (2) In the reception of evidence; and (3) In permitting improper argument on the part of the prosecuting attorney.

On the former appeal in this case the judgment of conviction was set aside, and the case remanded for new trial for error in overruling defendant's application for a continuance. State v. Myers, 352 Mo. 735, 179 S. W. (2d) 72. But it was also held that defendant's challenge of the sufficiency of the evidence was without merit. The same contention is again urged on this appeal. The State's evidence in both trials was to the same effect, thus necessitating the same holding. That this opinion may be complete in itself, we make the following outline of the facts:

The teacher of High Point School (District No. 31) of Webster County securely locked the windows and doors of that one room, frame, rural school building at the close of the school day on Thursday, August 28, 1942. The school was not in session the next day, Friday, because the Webster County Fair was being held at Marshfield, the county seat. When she returned the following Monday morning, she found the building still locked, but certain articles (the property of the district, and enumerated in the information) were missing, to-wit: A United States flag, an oil stove, a wash boiler, six folding chairs, one (flag) rope, and one gallon of floor oil. A jacket or coat belonging to the teacher was also missing. Entry had been effected by forcing open a window. The door was equipped with a Yale lock so that a person on the inside could leave without a key, and the door would lock when it was closed.

Defendant was stopped by two state highway patrolmen about 1 A. M., Saturday, August 30, as he was driving west in his Ford coupe on Highway 66 between Springfield and Strafford (the highway from Springfield to Marshfield) because his car did not have a tail light. The articles above described (together with others hereinafter mentioned) were found in the "turtle back" of his automobile. He stated to the patrolmen that he had bought said articles at the carnival at Marshfield. Asked what was in the can, (which proved to be floor oil) he stated, "Well, I guess it is kerosene. Kerosene would go

with the stove." He had difficulty in stopping the car on account of defective brakes. He was taken into custody and held in jail at Springfield. Meanwhile, and on Tuesday, September 1, through the Sheriff of Webster County, it was learned that the school house had been burglarized. On that day the officers took two small pinch bars, 14 or 18 inches in length, from defendant's car, and went to the school house and fitted the pinch bars into the marks on the frame of the window which had been pried open. The bars fitted "perfectly" into said marks or depressions. Defendant admitted ownership of the two pinch bars.

Defendant denied he had broken into the school house, or stolen the goods. He claimed he acquired them by purchase from a stranger at the carnival at Marshfield. On this trial, but not on the first he produced several carnival followers who gave conflicting accounts of his supposed purchase from the stranger. In view of the inconsistencies in their statements, it is not surprising that the jury rejected their testimony.

The State, over defendant's objection, introduced a photograph of the miscellaneous lot of articles (including the subjects of the larceny charged) taken from defendant's car at the time of his arrest. The objection interposed at the trial was: "I think, Your Honor, that the exhibit is subject to the objection that there are other things included, other than are charged in the information." The photo is not before us, but it appears from the testimony that it included a key ring containing nine keys. The motion for new trial complains that the Court refused to compel the production of said keys "in order that the jury might . . . determine whether the keys were a bunch of burglar's keys, or an ordinary bunch of keys." No request to produce was made, so defendant is in no position to complain on that score. Moreover, the objection interposed did not include the ground or suggest that the nature of the other articles (and the keys are the only ones complained of) reproduced in the photograph might be such as to prejudice the jury against defendant, nor do we find any reference in the record to the keys as burglar's keys. We hold there was no error in the action of the Court in admitting the photograph in evidence.

There was no error in the refusal of defendant's oral motion to require the production of the two pinch bars which the evidence shows were fitted into the imprints or marks left on the window frame. The ruling complained of was made after a showing by the State to the effect that following the first trial the sheriff took possession of said pinch bars, and placed them in the "turtle back" of his car, from which they disappeared; that he had searched for them, but was unable to locate them, thus accounting for their non-production.

The State was permitted to read a limited portion of defendant's testimony given at the first trial, as preserved in the bill of

exceptions, and this is assigned as error. Defendant on the present trial testified very positively on direct examination that the name of the man from whom he purchased the property in question was Vanmar. On cross-examination he was asked if, and he denied that, on the former trial he had testified the man's name was Vanmiser, Vanrisor, or Vanvoy. In rebuttal, the State was permitted to read the questions and answers in that connection about which defendant had been asked on his cross-examination. "It is settled law that a defendant in a criminal case testifying in his own behalf may be impeached as any other witness." State v. Meeks, 327 Mo. 1209, 39 S. W. (2d) 765, and cases cited. Here a proper foundation had been laid for impeachment. Excerpts from defendant's testimony on the former trial were properly admitted for that purpose. State v. Stogsdill, 324 Mo. 105, 23 S. W. (2d) 22.

The motion for a new trial makes two assignments respecting the prosecutor's argument. There is nothing in the record even remotely touching the subject matter of the first of these, and for that reason, it can not be considered. The other charges error in over-ruling defendant's motion to dismiss the jury for alleged improper remarks of the prosecutor in his argument "to the effect that he *knew* the defendant was guilty beyond a reasonable doubt, leaving the impression with the jury that he was in possession of knowledge outside the record, and that defendant committed the crime charged and should be convicted." It appears from the one fragmentary bit of argument preserved by the bill of exceptions that the prosecutor was about to express some sort of belief when he was interrupted by an objection thereto, which the court sustained. The record is as follows:

"By MR. SMITH: . . . Now, if you believe this Defendant is guilty, as I believe . . .

"By MR. TEAFF: We object to him saying that he believes he is guilty; and we ask that the jury be discharged.

"By THE COURT: Well, the objection will be sustained as to what he believes. Gentlemen of the jury, you will be guided by the evidence given from the witness stand, and the law as given you, in the instructions, by the Court. Proceed."

The language of the statement does not support the construction placed on it by the motion for a new trial. A prosecuting attorney may not express his private opinion or knowledge of an accused's guilt. State v. Pierson, 331 Mo. 636, 56 S. W. (2d) 120. But we have expressly approved the rule stated in 16 C. J. 908, sec. 2257, as follows: "He may," (meaning the prosecuting attorney) "however, argue that in his opinion defendant is guilty, where he states, or it is apparent, that such opinion is based on the evidence." State v. Fitzsimmons, 338 Mo. 230, 89 S. W. (2d) 670. See, also, State v. Johnson, 349 Mo. 910, 163 S. W. (2d) 780, and State v. Vinson, (Mo.), 107 S. W. (2d) 16. The argument in the latter case is almost identi-

cally like that in the case at bar. There, as here, the Court sustained the objection but declined to declare a mistrial. There is nothing in the record indicating that the prosecutor's incomplete statement was intended to infer knowledge of guilt or an opinion based on facts outside of the record. The trial court was in position to determine the question, and on the record before us, we would not be justified in reaching a different conclusion, and so defendant's contention is disallowed.

We have examined the record proper, and find no reversible error therein. The judgment is affirmed. All concur.