

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )  *Opinion issued July 16, 2019*
                                    )
              Respondent, )
                                      )
v. )  No. SC96138
                                      )
ANDREW BARNETT, )
                                      )
              Appellant. )

---

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
The Honorable Thomas J. Frawley, Judge

Andrew Barnett ("Barnett") appeals the circuit court's judgment following a jury trial convicting him of first-degree assault and armed criminal action. Barnett argues the circuit court erred in failing to submit a self-defense instruction. This Court has jurisdiction under article V, section 10 of the Missouri Constitution. Because there was substantial evidence to support the submission of a self-defense instruction, the circuit court's judgment is vacated, and the case is remanded.

## Background

Barnett was charged with first-degree assault and armed criminal action. The following evidence was adduced at trial. On the night in question, Barnett and Victim were both at the Little Bar ("the bar"). Throughout the night, Victim urged Barnett to go

outside so the two could fight. Later in the evening, Victim approached Barnett in a threatening manner, and the two got into a physical altercation. The bartenders ordered both men to leave the bar. Before Barnett left, a friend gave Barnett back his knives the friend had been holding. After exiting the bar, Barnett stopped to urinate near a dumpster. At that time, Victim approached Barnett from behind and shouted threatening obscenities, such as "now you're going to die you [expletive]." The two got into a physical altercation, and Barnett saw a "metal and shiny" object in Victim's hand coming toward Barnett's face. In response, Barnett testified he knocked Victim's hand away, shoved Victim to the ground, and left the scene. A witness who saw the altercation from afar claimed he saw Victim "drop like a bag of rocks." Shortly thereafter, Victim was lying on the ground, bleeding severely, and appeared to have several stab wounds. A few hours after the incident, police officers asked Barnett if he stabbed Victim in self-defense, but Barnett adamantly denied stabbing Victim at all.

During the jury instruction conference, Barnett offered a self-defense instruction. The state objected, claiming Barnett was not entitled to such an instruction because he denied committing the stabbing. The circuit court sustained the state's objection. The circuit court submitted an instruction for first-degree assault, along with a mitigating heat of passion instruction. An instruction for armed criminal action also was submitted.

The jury found Barnett guilty of first-degree assault and armed criminal action, and Barnett was sentenced accordingly. Barnett filed a motion for new trial, arguing, among other things, the circuit court erred by refusing to submit a self-defense instruction. The circuit court overruled the motion for new trial. Barnett appeals.

2

**Analysis**

The state claims Barnett is not entitled to a self-defense instruction principally because Barnett expressly denied stabbing Victim. According to the state, Barnett is entitled to a self-defense instruction only if the evidence supporting the theory of self-defense was offered by the state or injected by the testimony of a third party. Because neither the state nor a third party introduced the issue of self-defense, the state concludes Barnett was not entitled to the requested instruction. For the reasons set forth below, the Court rejects this argument.

**I.**

In determining whether a defendant is entitled to an instruction, this Court has long held if there is substantial evidence to support the theory propounded in the requested instruction, the court is required to submit that instruction to the jury. *State v. Bidstrup*, 140 S.W. 904, 907 (Mo. 1911). In making this determination, a court must view "the evidence in a light most favorable to the defendant[] in order to determine whether the evidence was sufficient to support and authorize instructions on the mentioned matters." *State v. Cole*, 377 S.W.2d 306, 307 (Mo. 1964). Although the law on this issue was clear as early as 1911, *see Bidstrup,* 140 S.W. at 907, it has had a long and tortured history over the last century. This inconsistency in the law, which is addressed in Section III, has caused the state mistakenly to rely on cases holding an exception to the rule in *Bidstrup* exists when a defendant attempts to introduce his own testimony contrary to the requested instruction. Because no such exception exists, the state's reliance on these cases is improper.

3

The rule that a court is required to submit an instruction when there is substantial evidence to support it does not change when the defendant's testimony contradicts the requested instruction. *Bidstrup*, 140 S.W. at 907.[1] If the opposite were true, the court – not the jury – would be tasked with determining which version of the defendant's statements to believe. This, of course, would be a usurpation of the jury's fact-finding role. *State v. Jackson*, 433 S.W.3d 390, 399 (Mo. banc 2014). As a result, when the evidence supports two conflicting versions of events, even when both versions have been provided by the defendant, the court must refrain from determining which version is correct. *Id*.[2]

The question of whether a defendant is entitled to an instruction cannot turn on which party introduced the evidence supporting the instruction. *Bidstrup*, 140 S.W. at 907. This remains true when the evidence supporting the instruction is the defendant's own testimony because, in making a sufficiency of the evidence determination, a court must "consider all the evidence in the case, without regard to the party by whom it was introduced." *Id*. It is irrelevant "whether the issue arises from the testimony of the one side or the other, or both, [because in each instance] a question of law is presented upon

---

[1] Indeed, in *Bidstrup*, defense counsel conceded, "according to defendant's own testimony there was no right of self-defense in the case ...." *Bidstrup,* 140 S.W. at 907. *See also State v. Thomas*, 625 S.W.2d 115, 122 (Mo. 1981) ("An instruction on self-defense must be given when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony.").

[2] There should be no concern that a defendant's contradictory testimony will go unchecked. One of the primary purposes of cross-examination "is to bring out facts that may tend to show that the testimony of the witness on direct examination is untrue or is not entitled to belief." *State v. Thompson*, 280 S.W.2d 838, 840 (Mo. 1955). A common method of doing so "is to

4

which it becomes the duty of the court to instruct the jury for their information in giving their verdict." *Id.* at 908. Therefore, if the evidence relied upon by the party requesting the instruction has been admitted into evidence (an evidentiary determination that is made before the question of jury instructions is decided), it must be considered by the court in determining whether the instruction shall be submitted. *Id.* at 907-08.

In short, there is no justifiable reason to deprive a defendant of his freedom without first allowing him to defend himself on every theory supported by the evidence. Accordingly, the only relevant inquiry when a defendant requests an instruction on a theory of defense is whether, after viewing all the evidence and drawing all reasonable inferences in favor of the theory propounded by the defendant, *Cole,* 377 S.W.2d at 307-08, there was substantial evidence to support the requested instruction. *Bidstrup,* 140 S.W. at 907. This inquiry remains the same regardless of which party introduced the testimony supporting the instruction and regardless of whether the defendant testified to the contrary. *Id*. at 907-08. As a result, going forward, it will be simplest if, when determining whether a defendant is entitled to a requested instruction, the court evaluates each requested instruction individually. *State v. Redmond,* 937 S.W.2d 205, 210 (Mo. banc 1996). When the instruction under evaluation is "supported by the evidence" it should be given "without regard to whether [any] other instruction is also being given." *Id.*

---

show … the witness has made prior inconsistent statements concerning a material matter." *Id.* at 840-41.

**II.**

The foregoing must now be applied to Barnett's claim the circuit court erred in failing to give a self-defense instruction. "This Court reviews *de novo* a trial court's decision whether to give a requested jury instruction …." *Jackson*, 433 S.W.3d at 395. "The circuit court must submit a self-defense instruction when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony, and failure to do so is reversible error." *State v. Bruner*, 541 S.W.3d 529, 534 (Mo. banc 2018) (internal citation and quotation omitted). *See also Bidstrup*, 140 S.W. at 907; *Cole*, 377 S.W.2d at 307. "In determining whether the circuit court erred in refusing to submit an instruction on self-defense, the evidence is viewed in the light most favorable to the defendant." *Bruner*, 541 S.W.3d at 534.

Section 563.031.5[3] requires the defendant to bear "the burden of injecting the issue of justification," which is statutorily defined to mean "(1) The issue referred to is not submitted to the trier of fact unless supported by evidence; and (2) If the issue is submitted to the trier of fact any reasonable doubt on the issue requires a finding for the defendant on that issue." § 556.051(1)-(2), RSMo 2000. Although the defendant must "bear the burden of showing self-defense is 'supported by evidence[,]'" *Bruner*, 541 S.W.3d at 534-35, a defendant "is not required to put on affirmative evidence to support a given instruction." *State v. Westfall*, 75 S.W.3d 278, 281 (Mo. banc 2002).

---

[3]  All statutory references are to RSMo Supp. 2013 unless otherwise noted.

6

An instruction is "supported by the evidence," section 556.051, RSMo 2000, when "substantial evidence is adduced to support it." *State v. Smith*, 456 S.W.3d 849, 852 (Mo. banc 2015). Substantial evidence is "any theory of innocence ... however improbable that theory may seem, so long as the most favorable construction of the evidence supports it." *State v. Kinard*, 245 S.W.2d 890, 893 (Mo. 1952). "If the evidence tends to establish the defendant's theory, or supports differing conclusions, the defendant is entitled to an instruction on it." *Westfall*, 75 S.W.3d at 280.

After establishing the quantum of evidence necessary for a court to give an instruction, i.e., substantial evidence, the elements of self-defense must be identified. Pursuant to the self-defense statute, "A person may … use physical force upon another person" if the person (1) was not the initial aggressor; and (2) "reasonably believes such force to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful force by such other person …." § 563.031.1.[4] A person can only use deadly force when he or she "reasonably believes that such deadly force is necessary to protect himself or herself … against death, serious physical injury, or any forcible felony." § 563.031.2(1). Therefore, if there was substantial evidence to support each of the following, the circuit court was required to give an instruction on self-defense: Barnett (1) was not the initial aggressor, and (2) reasonably believed the use of deadly force was necessary to protect himself from

---

[4] Further, an actor "does not have a duty to retreat from a dwelling, residence, or vehicle where the person is not unlawfully entering or unlawfully remaining." § 563.031.3.

7

death, serious physical injury, or a forcible felony. *See* § 563.031; MAI-CR3d 306.06A; *Smith*, 456 S.W.3d at 852.

Before applying the facts of this case to the elements of self-defense, it bears repeating that in conducting this analysis, the Court need not consider Barnett's version of the events, or which party introduced the evidence supporting the instruction. *Bidstrup*, 140 S.W. at 907. Rather, the only consideration for the Court is whether, after viewing all the evidence and drawing all reasonable inferences in favor of Barnett's theory of self-defense, *Cole*, 377 S.W.2d at 307, there is substantial evidence to support the requested instruction. *Bidstrup*, 140 S.W. at 907. Here, the Court finds there is.

Below is the evidence adduced at trial, and faithful to the applicable standard, any evidence that does not support Barnett's requested self-defense instruction has been struck through.

> Throughout the night, Victim urged Barnett to go outside so the two could fight. Then, later in the evening, Victim approached Barnett in a threatening manner and the two got into a physical altercation. The bartenders ordered both men to leave the bar. Before Barnett left, a friend gave Barnett back his knives the friend had been holding. After exiting the bar, Barnett stopped to urinate near a dumpster. At that time, Victim approached Barnett from behind and shouted threatening obscenities, such as "now you're going to die you [expletive]." The two got into a physical altercation, and Barnett saw a "metal and shiny" object in Victim's hand coming toward Barnett's face. ~~In response, Barnett testified he knocked Victim's hand away, shoved Victim to the ground, and left the scene.~~ A witness who saw the altercation from afar, claimed he saw Victim "drop like a bag of rocks." Shortly thereafter, Victim was lying on the ground, bleeding severely, and appeared to have several stab wounds. A ~~few hours after the incident, Barnett was asked by police officers if he stabbed Victim in self-defense, but Barnett adamantly denied stabbing Victim at all.~~

First, there is substantial evidence Barnett was not the initial aggressor because there is evidence that early in the night, Victim called Barnett names and urged Barnett to go outside and fight. Then, later in the evening, Victim approached Barnett in a threatening manner, and the two got into an altercation. Last, while Barnett was urinating, Victim approached him from behind and shouted threatening obscenities at him.

Second, there is substantial evidence Barnett reasonably believed the use of deadly force was necessary to protect himself against death, serious physical injury, or a forcible felony. There is evidence that, while the two were outside, Victim threatened Barnett's life, stating, "now you're going to die." And in Victim's hand was something "metal and shiny," which Barnett testified was coming toward his face. Taking all of this as true, and drawing all reasonable inferences in favor of a theory of self-defense, there is substantial evidence Victim was about to carry out his threat to kill Barnett with the knife (or some other similar shiny metal object) that was in his hand and coming toward Barnett's face.

To be sure, there is ample evidence in this case negating self-defense. Under the standard set forth in *Cole*, however, the Court can consider **only** the evidence that supports a self-defense instruction. *Cole*, 377 S.W.2d at 307. Here, when **only** the above mentioned evidence is considered, there can be no doubt substantial evidence exists to support a theory of self-defense.

A faithful viewing of the evidence under *Cole* and true application of the rule set forth in *Bidstrup* will require a self-defense instruction be given when requested in many

9

cases. But this does not mean "a self-defense instruction should be given every time the defendant requests it." *Bruner*, 541 S.W.3d at 541 (Wilson, J., dissenting).[5] "No matter how favorably the evidence is viewed, there will [always] be cases in which there simply is no evidence of self-defense at all." *Id.*[6] This is not such a case.

## III.

As noted in Section I, the state supports its position with cases holding an exception to the rule in *Bidstrup* exists when the defendant's own testimony tends to negate the requested instruction. But a thorough examination of the case law traces this exception back to dicta in this Court's opinion in *State v. Wright,* 175 S.W.2d 866 (Mo. 1943). That dicta was incorrect because, as forth in Section I, a defendant is entitled to every instruction there is substantial evidence to support. *See Bidstrup*, 140 S.W. at 907. Any case holding to the contrary should no longer be followed.

As an initial matter, it is relevant to note that the state of the law before *Wright* was consistent with *Bidstrup*. For instance, in *State v. Creighton*, 52 S.W.2d 556, 561-62

---

[5]  *See State v. Hyland*, 46 S.W. 195, 197 (Mo. 1898) (circuit court correctly denied defendant's request for self-defense instruction because there "was not a scintilla of evidence tending to show any assault on defendant by deceased, nor the slightest reason why defendant should have apprehended any design upon the part of deceased to kill him, or inflict any bodily harm, previous to the deadly assault which caused his death"); *see also State v. Hicks*, 77 S.W. 539, 542 (Mo. 1903) (circuit court properly denied defendant's request for self-defense instruction because "[t]here was no evidence whatever of a difficulty or controversy between defendant and deceased at the time of the homicide, or that defendant was acting in the defense of his person when he shot and killed deceased, or anything else that would have authorized such an instruction as contended for").

[6]  In addition to *Hyland* and *Hicks*, this Court has recently held the circuit court must give a requested instruction when there is substantial evidence to support it. *See Chambers*, 671 S.W.2d 781; *State v. Weems*, 840 S.W.2d 222 (Mo. banc 1992); *Smith*, 456 S.W.3d 849; and *Bruner*, 541 S.W.3d 529.

10

(Mo. 1932), this Court identified a conflict in the law regarding whether a defendant's testimony could be the sole basis for two instructions on inconsistent theories of defense.[7] In *Creighton*, the defendant argued he was entitled to a manslaughter instruction based on his testimony, despite the fact he also received a self-defense instruction based on his testimony. *Id.* at 560-61. Applying *Bidstrup* (among other cases), the Court found substantial evidence existed to support a manslaughter instruction because the defendant testified the victim assaulted the defendant. *Id*. at 562. The Court also correctly resolved the conflict by overruling any case that held a defendant was not entitled to an instruction because the defendant's testimony was sole basis for the inconsistent instructions. *Id.*

About a decade later, the Court issued its opinion in *State v. Wright*. In *Wright*, on the night of the crime, the defendant's statement to the police suggested he committed the killing in self-defense. *Wright*, 175 S.W.2d at 869-70. This evidence was introduced by the state at trial. *Id*. The defendant then testified at trial that, even though he and the victim got into an argument, this argument did not escalate to a physical altercation. *Id.* at 870. The defendant denied "owning, having or using a knife" on the victim. *Id*. A manslaughter instruction was given, but a self-defense instruction was not. *Id.* at 867.

On appeal, this Court relied on *Bidstrup* and *Creighton* to hold that the circuit court erred in failing to give a self-defense instruction because there was substantial

---

[7] On the one hand, the Court noted there were cases that held an instruction is improper when a defendant's own testimony was the sole basis of instructions for two different theories of defense, e.g., manslaughter and self-defense. *Creighton,* 52 S.W.2d at 561. On the other hand, the Court explained, there were also cases that held if the evidence shows personal violence upon the defendant, the defendant is entitled to a manslaughter instruction, regardless of his own testimony that he killed the victim in self-defense. *Id.* at 561-62.

11

evidence – in the form of the defendant's statement on the night of the crime – to support

that instruction. *Id.* at 871-72. This was correct. Unfortunately, the Court then

proceeded needlessly to engage in a discussion concerning who authored – and offered –

the inconsistent statement. *Id.* at 872. In doing so, the Court stated the testimony

supporting an instruction contrary to the defendant's testimony will typically be the

"testimony of third party witnesses for the defendant, or witnesses for the State." *Id.* at

871. But the inconsistent statement in *Wright* was not from the testimony of a third-party

witness or a witness for the state but, rather, from the defendant. *Id.* at 869-70. As a

result, the Court's discussion of that issue was dicta.

In this same regard, the Court also stated that – had he attempted to do so – the

defendant would not have been permitted to introduce his own prior inconsistent

statement at trial. *Id.* at 871-72. On the other hand, if the state sought to introduce the

defendant's prior inconsistent statement, the Court noted the defendant would have been

permitted to rely on that statement to show there was substantial evidence supporting the

requested instruction. *Id*. But once again, because the Court's entire discussion of

whether the ***defendant*** could have introduced his prior inconsistent statement occurred in

a case in which the ***state*** sought to do so, this discussion was dicta. *Id.* at 869-70.[8]

---

[8] Although not as commonly relied on as *Wright*, the Court committed a similar error in *State v. Whitchurch*, 96 S.W.2d 30, 35-36 (Mo. 1936). There, the Court held, because the defendant sought to justify the killing as an accident, she was not also entitled to a self-defense instruction. *Id*. But because the only relevant inquiry when a defendant requests an instruction on a theory of self-defense is whether there was substantial evidence to support the requested instruction, it is irrelevant whether the defendant has testified to the contrary. *Bidstrup,* 140 S.W. at 907. To the extent *Whitchurch* holds otherwise, it should also no longer be followed.

Later, in *State v. Baker*, 277 S.W.2d 627, 629-30 (Mo. 1955), the Court sought to apply the convoluted dicta from *Wright*. In *Baker*, the defendant affirmatively testified at trial that the shooting was an accident, and an accident instruction was submitted to the jury. *Id.* at 629. On appeal, the defendant argued he was also entitled to a self-defense instruction. *Id.* In addressing this issue, the Court stated that, even though "[t]he defenses of self-defense and accident are inconsistent[,] [i]f proved by proper evidence, a defendant is entitled to have inconsistent defenses submitted to a jury." *Id.* Relying on *Wright*, the Court then explained, "the evidence to justify the instruction on the inconsistent defense must be offered by the State or proved by third party witnesses for the defendant." *Id.* at 630 (citing *Wright*, 175 S.W.2d at 871). From there, the Court concluded the defendant was not entitled to an instruction on self-defense because the evidence supporting the instruction came from the defendant, not the state or a third party. *Id.*

The holding in *Baker* is incorrect. Instead of simply determining whether there was substantial evidence to support the instruction requested by the defendant, as required by *Bidstrup*, the Court was misled by the dicta in *Wright* into considering that the identity of the author and offering party of the evidence supporting and contradicting the instruction were relevant. As held in *Bidstrup* and reaffirmed here, such considerations have no place in the analysis for determining whether a defendant is entitled to a requested instruction.

*Baker* and its progeny can be traced back to this Court's dicta in *Wright*. Because of that dicta, *Wright* for decades has been erroneously cited for propositions far beyond

13

its holding.[9]  This needs to end.  These cases unnecessarily blur – and, occasionally, ignore outright – the bright line drawn in *Bidstrup*, i.e., that a defendant is entitled to an instruction when there is substantial evidence to support it regardless of who authors or offers that evidence.  *Bidstrup*, 140 S.W. at 907.  This Court correctly articulated in *Bruner* and *Westfall* that substantial evidence of self-defense requiring an instruction may come from the defendant alone.  *Bruner*, 541 S.W.3d at 535; *Westfall*, 78 S.W.3d at 280-81.  In so ruling, the Court did not deem it necessary to expressly overrule prior contrary cases.  The state's attempt to distinguish *Bruner*, however, shows the need to expressly overrule *Baker* and subsequent cases utilizing similarly mistaken analysis.[10]

---

[9]  Confusingly, however, not all of this Court's cases have interpreted *Wright* this way.  *See, e.g.*, *State v. Davis*, 328 S.W.2d 706, 710 (Mo. 1959) (holding "if there is substantial evidence of lawful provocation the defendant is entitled to an instruction on manslaughter even though he claims self defense"); *State v. Caldwell*, 434 S.W.2d 571, 575 (Mo. 1968) (holding "it is clear that a party is not bound or concluded [sic] by the testimony of his witnesses in the sense that he may not present evidence in contradiction thereof; a party may prove his claim or defense by any proper evidence even though such evidence conflicts with the testimony given by his witness" (quotation omitted)); *Westfall*, 78 S.W.3d at 280-81 (holding "an instruction on self-defense must be given when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony").

[10]  *See, e.g.*, *State v. Peal*, 463 S.W.2d 840, 842 (Mo. 1971) (holding the defendant was not entitled to an instruction on both self-defense and accident because the "defendant alone can not [sic] provide the basis for such inconsistent defenses"); *State v. Brown*, 502 S.W.2d 295, 298 (Mo. 1973) (holding the defendant was not entitled to an instruction on self-defense and accident because the two "are inconsistent and the defendant alone may not provide the basis for submitting such inconsistent defenses to the jury" (quotation omitted)). *See also Jones v. State*, 495 S.W.3d 789, 792 (Mo. App. 2016); *State v. Miller*, 981 S.W.2d 623, 632 (Mo. App. 1998); *State v. Houcks*, 954 S.W.2d 636, 639 (Mo. App. 1997); *State v. Hafeli*, 715 S.W.2d 524, 529-30 (Mo. App. 1986), *overruled on other grounds by State v. Beeler*, 12 S.W.3d 294 (Mo. banc 2000); *State v. Tompkins*, 632 S.W.2d 50, 52 (Mo. App. 1982); *State v. Stubenrouch*, 591 S.W.2d 42, 46 (Mo. App. 1979); *State v. Sivils*, 589 S.W.2d 617, 619 (Mo. App. 1979); *State v. Walker*, 525 S.W.2d 826, 828 (Mo. App. 1975); *State v. Sherill*, 496 S.W.2d 321, 325 (Mo. App. 1973). Similarly, there are cases in which this Court has reached the right result − i.e., holding the inconsistent instructions on both should have been given − but the rationale applied to reach that result was incorrect.  *See, e.g., State v. Avery*, 120 S.W.3d 196, 202 (Mo. banc 2003) (holding the

14

Accordingly, these cases and any others that contravene *Bidstrup* are overruled and should no longer be followed.

**Conclusion**

For the reasons set forth above, the judgment of the circuit court is vacated, and the case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

_____

Paul C. Wilson, Judge

All concur.

---

defendant was entitled to both a self-defense and an accident instruction because, although the two are inconsistent, "if the evidence introduced by the State was sufficient to insert the issue of self-defense into the case, then defendant was entitled to an instruction on that defense, even if that evidence consisted of defendant's own prior inconsistent statements"); *State v. Randolph,* 496 S.W.2d 257, 262 (Mo. 1973) (holding the defendant was entitled to both a self-defense and an accident instruction because, "[w]here the evidence on such inconsistent defense is offered by the State … or proved by third party witnesses for the defendant, [an] instruction on the inconsistent defenses is justified") (quotation omitted). *See also State v. White*, 222 S.W.3d 297, 300-301 (Mo. App. 2007); *State v. Eldridge*, 554 S.W.2d 422, 425 (Mo. App. 1977).