

# Missouri Court of Appeals

## Southern District

### Division One

ROBERT J. TAYLOR,  )
                   )
            Appellant,  )
                   )
    vs.            )  No. SD36263
                   )
STATE OF MISSOURI,  )  FILED: August 31, 2020
                   )
            Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**AFFIRMED**

Convicted of sexual abuse, Robert Taylor sought Rule 29.15 post-conviction relief, claiming his lawyer's instructional strategy was constitutionally ineffective, but not persuading the motion court, leading to this appeal where Taylor reasserts the same complaint yet fails to show the motion court clearly erred in rejecting it, so we must affirm. Rule 29.15(k).[1]

**Background**

Taylor had a sexual encounter with a woman who had been drinking and, according to Taylor, "was nodding off from time to time." A duplex neighbor heard a female screaming "the worst scream I think I've ever heard in my life" and a male shouting "Shut the f*ck up." The neighbor later would testify that she "could

---

[1] We have reviewed the record to confirm timeliness of Taylor's pro se and amended PCR motions, which also included other complaints abandoned on appeal.

definitely hear him hitting her" and one impact was so forceful that it knocked a picture off the neighbor's wall.  A woman then appeared at the neighbor's door, crying and shaking and "in horrible shape."  The neighbor called 911.  Police arrived and arrested Taylor, who was charged with first-degree rape.

At trial, Taylor admitted penis-vagina contact, which DNA evidence confirmed, but claimed consent and denied penetration.  Deeming a rape-or-nothing strategy too risky, Taylor's lawyer ("trial counsel") sought an instruction on second-degree sexual abuse, a misdemeanor.[2]  Over the state's objection that sexual abuse was not a lesser-included offense of rape, the court ultimately decided to instruct on both first-degree and second-degree sexual abuse.[3]  Accordingly, the jury was given instructions on first-degree rape, second-degree rape, first-degree

---

[2] The jury decided only Taylor's guilt, not his punishment, so the jury instructions did not indicate offense levels or punishment ranges.  Notably, the victim did not attend or testify at the trial.  The jury heard only her recorded preliminary-hearing testimony plus summaries of her felony and misdemeanor convictions, trial weaknesses reasonably supporting trial counsel's hope that jurors might go for something less than rape if so instructed, and as they would, in fact, ultimately do.

[3] We quote the court at the instruction conference:

> [If sexual abuse second] is a lesser included, it seems like you need to give sexual abuse first as a lesser included, and you can't with all the evidence.  I actually also said that [the prosecutor] is correct about it adding an element that is not in rape.  But with the evidence in this case, I could see where a reasonable juror would find that rape had not occurred but sexual abuse had occurred.
>
> And in conjunction with the other cases in the last two years, the Missouri Supreme Court -- about nesting and instructing down, I am -- I was worried and finally decided to do the sexual abuse first and second because of -- that a juror or jury could find him not guilty of rape but guilty of sexual abuse, even though it is not what he is charged with.  But since the defense has asked for the sexual abuse second, I thought it was okay to do the first.

We quote the court again at the new-trial hearing, addressing trial counsel:

> Well, I mean, realistically, what happened -- you wanted to just give a misdemeanor and skip the felony, and I said, "I don't see how you can do that," and I said, you know, "with the new nesting that's come down," and eventually I did say, "If you want the misdemeanor, I'm going to give the felony," and whether we call that an agreement or an acquiescence or whatever it is, you didn't want the felony that he was actually convicted of, although I still think you have to give it; you can't just skip over a step and move on down.

sexual abuse, and second-degree sexual abuse. Taylor was found guilty of first-degree sexual abuse, which we affirmed on direct appeal.

Taylor's Rule 29.15 complaint, as relevant here, was that "once the trial court intended to instruct on sexual abuse in the first degree, trial counsel should have withdrawn his request for sexual abuse in the second degree and changed his trial strategy." The motion court disagreed, crediting trial counsel's belief that jurors would find at least some sexual contact given Taylor's admission and the DNA proof, so it was "prudent to continue his strategy of aiming for the misdemeanor of sexual abuse in the second degree," and trial counsel was not ineffective in favoring one reasonable trial strategy over another.

Taylor's appeal challenges this ruling. Our review is limited to determining whether the motion court clearly erred. *See* Rule 29.15(k).

### Point and Analysis

Taylor fairly summarizes his sole point and supporting argument as follows:

> The argument here is that it is not reasonable to request an
> unlawful instruction for an offense that is not lesser-included
> and for which the defendant is not charged. Doing so violates a
> client's constitutional right to due process.

Taylor then keeps repeating "due process" generally without identifying any specific issue.

That issue, according to the Supreme Court, reflects "no more than" the constitutional premise "that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." ***Jackson v. Virginia***, 443 U.S. 307, 314 (1979).

> No principle of procedural due process is more clearly
> established than that notice of the specific charge, and a chance
> to be heard in a trial of the issues raised by that charge, if
> desired, are among the constitutional rights of every accused in
> a criminal proceeding in all courts, state or federal.

***Cole v. Arkansas***, 333 U.S. 196, 201 (1948). A criminal charge serves "to provide due process notice to the accused of the charges pending against him so that he

3

may prepare an adequate defense." ***State v. Gheen***, 41 S.W.3d 598, 602 (Mo.App. 2001).[4]

These observations explain why uncharged *lesser-included* offenses do not similarly offend due process. "Every information or indictment puts the defendant on notice, for due process purposes, of all offenses included in the offense charged," ***State v. Hibler***, 5 S.W.3d 147, 150 (Mo. banc 1999), which goes on to observe – notably as to this case – that a party who requests lesser-included instructions "unquestionably" demonstrates notice of those additional offenses. ***Id***.

Trial counsel's request for a sexual-abuse instruction here "unquestionably" demonstrated similar notice. Indeed, instructing on sexual abuse was part of trial counsel's deliberate strategy as confirmed at the PCR hearing.[5] Defendants often strategically waive constitutional trial protections (rights to remain silent, to jury trial, etc.), and Taylor makes no attempt to differentiate this situation.

Taylor otherwise does not seriously dispute a strategy of instructing down to avoid a rape-or-nothing submission.[6] We agree, especially after having found no substance to Taylor's due-process complaint. The rape charge carried a possible life sentence. Taylor admitted and DNA proved at least penis-to-vagina contact, and if one credits Taylor's own PCR motion, Taylor had further admitted vaginal *penetration* before the jury.[7]

---

[4] A criminal charge also serves the constitutional purpose of barring retrial on the same charges in case of an acquittal, *see* ***State v. Miller***, 372 S.W.3d 455, 466 (Mo. banc 2012), but Taylor raises no double-jeopardy issue here.

[5] We presume trial counsel was effective; Taylor must show otherwise. ***Oplinger v. State***, 350 S.W.3d 474, 477 (Mo.App. 2011). The record shows Taylor attended the PCR hearing but did not testify. Only trial counsel testified; his testimony does not help Taylor.

[6] To quote Taylor's brief, trial counsel's "middle ground strategy may have been reasonable had the instructions submitted been for actual lesser-included offenses ...."

[7] We may not share Taylor's interpretation of his testimony, but when <u>he</u> claims to view it that way, it seems even more difficult to criticize trial counsel's strategy.

4

For all the reasons above, the motion court did not clearly err in finding trial counsel was not ineffective. Judgment affirmed.[8]

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[8] It does not affect the result, but Taylor repeatedly calls the not-lesser-included sexual-abuse instructions "unlawful." We express no firm opinion without briefing, but evidence supported those instructions and our supreme court has said "[a] defendant is entitled to an instruction on any theory the evidence establishes." *State v. Williams*, 313 S.W.3d 656, 659 (Mo. banc 2010); *State v. Pond*, 131 S.W.3d 792, 794 (Mo. banc 2004). Those cases did involve lesser-included offenses, but *State v. Stallings*, 33 S.W.2d 914, 917 (Mo. 1930), says the same about sudden-passion manslaughter.

Our high court's latest statements came last year in a self-defense case. "In determining whether a defendant is entitled to an instruction, this Court has long held if there is substantial evidence to support the theory propounded in the requested instruction, the court is required to submit that instruction to the jury." *State v. Barnett*, 577 S.W.3d 124, 126 (Mo. banc 2019). "[T]here is no justifiable reason to deprive a defendant of his freedom without first allowing him to defend himself on every theory supported by the evidence." *Id*. at 127. "Accordingly, the only relevant inquiry when a defendant requests an instruction on a theory of defense is whether, after viewing all the evidence and drawing all reasonable inferences in favor of the theory propounded by the defendant, there was substantial evidence to support the requested instruction." *Id*. (citation omitted). Finally, "as [set] forth in Section I, a defendant is entitled to every instruction there is substantial evidence to support. Any case holding to the contrary should no longer be followed." *Id*. at 130 (citation omitted).